Robert GRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–367–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 18, 2005.

Rehearing En Banc and Rehearing
Overruled Oct. 20, 2005.

Vincent Gonzalez, Corpus Christi, for appellant.

Joe C. Lockhart, Asst. Dist. Atty., Carlos Valdez, Nueces County Dist., Atty., Corpus Christi, Betty Marshall, Asst. State Prosecuting Atty., Austin, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and BAIRD.[1]

## OPINION ON REMAND

Opinion on Remand by Justice BAIRD.

On direct appeal, we sustained appellant's first point of error and reversed the judgment of the trial court. *Gray v. State*, 133 S.W.3d 281, 283 (Tex.App.-Corpus Christi 2004), *rev'd in part*, 159 S.W.3d 95 (Tex.Crim.App.2005). In reaching this conclusion, we made three distinct holdings. First, we held the trial judge violated section 62.110(c) of the Texas Government Code by excusing a veniremember for an economic reason over appellant's timely objection. *See* Tex. Gov't Code Ann. § 62.110 (Vernon 1998).[2] Second, we held that section 62.110 was enacted to ensure the constitutional right that the venire be composed of a fair cross-section of the community. U.S. Const. amends. VI & XIV; *Taylor v. Louisiana*, 419 U.S. 522, 526, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Third, we held that, because the purpose behind section 62.110 was constitutional, the harm analysis for constitutional error was applicable. *See* Tex. R.App. P. 44.2(a).

The court of criminal appeals granted review of our decision. *See Gray v. State*, 159 S.W.3d 95 (Tex.Crim.App.2005). That court did not disturb our first and second holdings. However, the court disagreed with our third holding, namely that the error should be treated as constitutional for harm analysis purposes. Consequently, the court remanded the case for a nonconstitutional harm analysis. *Id.; see* Tex. R.App. P. 44.2(b). We now proceed with that analysis.

The leading case on the subject of nonconstitutional harm analysis is *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997), which provides that only those errors labeled by the United States Supreme Court as structural are "immune to a harmless error analysis." *Id.* at 264. In all other areas, a harm analysis must be attempted. *Id.* at 264. However, the *Cain* court recognized that where the error defies a harmless error analysis or the data is insufficient to conduct a meaningful harmless error analysis, the error will not be harmless. *Id.* Nevertheless "appellate courts should not automatically foreclose the application of the harmless error test to certain categories of error." *Id.*

Later, in the plurality opinion of *Ford v. State*, 73 S.W.3d 923 (Tex.Crim.App.2002), the court of criminal appeals recognized "that formulations that focus on the outcome of a case are not quite apt in the context of a case in which the jury itself is the object of the error." *Id.* at 926. When the formation of the jury is the

---

1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* Tex. Gov't Code Ann. § 74.003 (Vernon 2005).

2. Section 62.110 of the Government Code, entitled "Judicial Excuse of Juror," provides:
   (a) Except as provided by this section, a court may hear any reasonable sworn excuse of a prospective juror and release him from jury service entirely or until another day of the term.
   (b) Pursuant to a plan approved by the commissioners court of the county in the same manner as a plan is approved for jury selection under Section 62.011, the court's designee may hear any reasonable excuse of a prospective juror and discharge the juror or release him from jury service until a specified day of the term.
   (c) The court or the court's designee as provided by this section may not excuse a prospective juror for an economic reason unless each party of record is present and approves the release of the juror for that reason.
   Tex. Gov't Code Ann. § 62.110 (Vernon 1998).

object of the error, appellate courts should consider what right is protected by the violated statute and whether that protected right has been thwarted by the error. *Id.*

*Ford* dealt with a violation of article 35.11 of the Texas Code of Criminal Procedure which provides for a "jury shuffle." The *Ford* court held the right protected by article 35.11 was "the compilation of a random list of jurors." *See id.* The court then recognized that the "applicable rules and statutes already require that panels be listed randomly from the outset." *Id.* The court then reasoned that because "the trial judge's failure to order a shuffle [did] not, by itself, indicate a nonrandom listing of the venire," and there was no indication that "the process of assembling a jury panel was subverted in some fashion" the error was harmless. *Id.* at 927.

Because the instant error and the error in *Ford* deal with the violation of a statute involving the venire, we will use *Ford* as a model for our harm analysis.[3] As noted earlier, the right protected by article 62.110 is the constitutional right to a venire composed of a fair cross-section of the community. U.S. Const. amends. VI & XIV; *Taylor,* 419 U.S. at 526, 95 S.Ct. 692. The issue is whether this right was thwarted by the error, i.e., whether the process of assembling the venire "was subverted in some fashion." *Ford,* 73 S.W.3d at 927. In the instant case, a venire member was erroneously excused and, therefore, as we held on direct appeal, "the violation of section 62.110(c) affected the composition of the venire." *Gray,* 133 S.W.3d at 286. Therefore, unlike *Ford,* the trial judge's violation of article 62.110 subverted in some fashion the process of assembling the venire. *Ford,* 73 S.W.3d at 927. Conse-

quently, when we view this error through the lens of the rule 44.2(b) harm analysis employed in *Ford,* we cannot state with fair assurance that the error was harmless. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998); *see* Tex.R.App. P. 44.2(b). Accordingly, we again sustain the first point of error.

The judgment of the trial court is reversed and remanded.

---

**3.** This model does not entail an examination of the factors enumerated in *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App.2002), be-cause we are not dealing with the erroneous admission of evidence.