IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1946-05






ROBERT GRAY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Keasler, J., delivered the opinion for a unanimous Court.



O P I N I O N 



 The judge in Robert Gray's trial excused a venireperson for an economic reason. The
Court of Appeals reversed and remanded the case for a new trial because it determined that the
error was structural. We disagreed and remanded the case for a non-constitutional harm
analysis. The Court of Appeals again reversed because it could not state that the error was
harmless. Once again, we reverse the Court of Appeals and affirm the trial judge's judgment.

Facts and Procedural History

 Robert Gray was charged with intoxication manslaughter and aggravated assault. On the
morning of his trial, the venire was seated, and the trial judge made some introductory remarks. 
Before excusing the venire for lunch, the trial judge asked those who desired to "plead
economic excuses" to remain in the courtroom to discuss their circumstances. Venireperson
number two was an auto part salesman and commission employee and the sole income provider
for his family. He approached the trial judge and explained: "It is going to make a burden for
me because my family because we [--] we count on my paycheck every week. It's going to
cost me $100 a day. If I stay here, I won't get paid." The trial judge then excused venireperson
number two. Gray's counsel stated that "[w]e probably have more than enough[,]" but he
nevertheless requested that the trial judge note his objection to the excusal of venireperson
number two.

 The jury convicted Gray of intoxication manslaughter and aggravated assault and
assessed punishment at fifty years' imprisonment. Gray appealed, claiming that "the trial judge
erred in excusing a veniremember, over [Gray]'s objection, due to financial hardship." (1) The
Corpus Christi Court of Appeals reversed the judgment, finding that the trial judge erroneously
excused venireperson number two for an economic, rather than a job-related, reason in
violation of Texas Government Code Section 62.110(c) and that the error was a structural
defect that was not subject to a harm analysis. (2) The State petitioned this Court for
discretionary review, which we granted. (3) We reversed and remanded the case to the court of
appeals for a non-constitutional harm analysis under Texas Rule of Appellate Procedure 
44.2(b) on Gray's claim that the trial judge erred in excusing venireperson number two. (4) 

 On remand, the court of appeals examined our plurality opinion in Ford v. State (5) and
stated that "[w]hen the formation of the jury is the object of the error, appellate courts should
consider what right is protected by the violated statute and whether that protected right has
been thwarted by the error." (6) Relying on its first opinion in this case, the court determined that
"the right protected by [Section] 62.110 is the constitutional right to a venire composed of a
fair cross-section of the community." (7) The court then concluded that the trial judge
erroneously excused venireperson number two in violation of Section 62.110(c) and that the
excusal "'affected the composition of the venire.'" (8) Using Ford as a model for its harm
analysis, the court determined that "the trial judge's violation of [Section] 62.110 subverted
in some fashion the process of assembling the venire." (9) Finding that it could not "state with
fair assurance that the error was harmless[,]" the court of appeals again reversed the judgment
and remanded the case for a new trial. (10)

 The State petitioned this Court for review for a second time, which we granted, to
determine whether:

 (1) The Court of Appeals considered the wrong factors in its harm analysis
by addressing whether the trial court's improper excusal of a juror for
economic reasons affected the composition of the jury and thwarted
[Gray's] right to a jury selected from a fair cross-section of the
community.

 (2) The Court of Appeals erred by holding that the trial court's improper
excusal of a juror for economic reasons affected Appellant's substantial
rights.


Law and Analysis

 Section 62.110(c) of the Texas Government Code provides, in pertinent part, that a trial
judge "may not excuse a prospective juror for an economic reason unless each party of record
is present and approves the release of the juror for that reason." (11)

 The State contends that the court of appeals incorrectly determined that Section
62.110(c) was intended to protect the Sixth Amendment's fair-cross-section right and that
venireperson number two's improper excusal denied Gray that right. Rather, the State asserts
that Section 62.110(c) "was implemented to retain an adequate number of venirepersons from
which to seat a jury." In doing so, the State relies on the interpretation of Section 62.110(c)
offered by professors Dix and Dawson:

 On the face of the statute, the legislature's intent in prohibiting excusals for
economic reasons must have been that many people lose money by serving on
a jury. Their lost wages are not compensated for by their pay as jurors. 
Therefore, if the differential between wages lost and juror compensation is
permitted to be offered as an excuse, most persons could be excused from jury
service. (12) 


According to the State, because Gray's venire was comprised of an adequate number of
qualified persons to seat a jury, the error was harmless. Adopting the reasoning of the Court
of Appeals, Gray argues that, by erroneously excusing a venireperson for an economic reason,
the trial judge violated his Sixth Amendment right "that the venire from which the petit jury is
selected represent a fair cross-section of the community" by "subvert[ing] in some fashion"
the process of assembling the venire.

 Before we address these arguments, we will first review two cases discussing non-constitutional harm where the formation of the petit jury was at issue--Jones v. State (13) and
Ford v. State. (14) In Jones, the appellant, Jones, argued that the trial judge erroneously granted
the State's challenge for cause of a venireperson who admitted that she would "start an
accomplice witness behind other witnesses" regarding credibility. (15) We reviewed each of the
State's theories and found that the trial judge erred in granting the challenge. (16) We then
analyzed whether the error required reversal. (17)

 Because the standard of review differs depending on whether an error is constitutional,
we turned first to that question. (18) The Sixth Amendment guarantees a defendant the right to a
"speedy and public trial by an impartial jury[.]" (19) But "it does not follow that the rejection of
allegedly unqualified persons for insufficient cause would deprive [a defendant] of that right;
or that any useful or legitimate purpose would be served by remanding the case for a new trial
before another impartial jury." (20) And Jones did not allege that "the jury, as finally constituted,
was biased or prejudiced; or that [Jones] was deprived of a trial by an impartial jury." (21)

 Determining that the error was not constitutional, and therefore, was subject to review
under Texas Rule of Appellate Procedure 44.2(b), we conducted a harm analysis. (22) We noted
that federal courts had long held "that the incorrect exclusion of a juror did not require reversal
of a judgment." (23) We also recognized that, without a showing that the error resulted in the
denial of a fair and impartial jury, Texas civil courts had consistently held that there was no
reversible error in cases in which the trial judge improperly granted a challenge for cause. (24)

 Just as the Supreme Court explained in Taylor v. Louisiana, we determined that a
"defendant's only substantial right is that the jurors who do serve [on the finally constituted
petit jury] be qualified. The defendant's rights go to those who serve, not to those who are
excused." (25) The improper granting of a challenge for cause did not "affect[] any substantial
right of the defendant[.]" (26) We therefore held that, in a non-constitutional error analysis, a
venireperson's improper excusal requires reversal "only if the record shows that the error
deprived the defendant of a lawfully constituted jury." (27)

 The appellant in Ford argued that the trial judge erred in denying his request for a jury
shuffle. (28) Although the State admitted error, it argued that it was harmless under Texas Rule
of Appellate Procedure 44.2. (29) The court of appeals held that the right to a jury shuffle was
"substantial" and that it could not disregard the error as harmless because it could not
determine whether the denial of a jury shuffle had a "substantial or injurious effect on the
jury's verdict." (30) We granted the State's petition for discretionary review, which contended
that the court of appeals erred in its harm analysis. (31)

 A plurality of this Court explained that, because the right to a jury shuffle was statutory
in nature, any error "must be evaluated for harm under the standard for nonconstitutional
errors" (32) in Texas Rule of Appellate Procedure 44.2(b), which provides: "Any other error,
defect, irregularity, or variance that does not affect substantial rights must be disregarded." (33) 
A particular error does not affect a substantial right if "'the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but a slight
affect.'" (34) The plurality explained "that formulations that focus on the outcome of a case are
not quite apt in the context of a case in which the jury itself is the object of the error." (35) As
a result, a reviewing court "should consider what right is protected by the statute" and whether
the "statute's purpose was thwarted by the error." (36)

 When the plurality considered the error--the denial of Ford's request for a jury shuffle,
it recalled our holding in Jones v. State (37)--that an improper grant of a challenge for cause
does not result in harm if "the jury actually selected was composed of qualified persons[,] . .
. [and] the record shows that the defendant is not harmed by such an error when it contains no
indication that those who served on the jury were unfit for duty." (38) Noting that we had
considered the right protected by challenges for cause in Jones, the plurality determined that
in assessing the harmlessness of the error, it is appropriate to identify the right that the jury
shuffle statute is designed to protect. (39) The right protected by the jury shuffle statute was the
guarantee "that the members of the venire are listed in random order." (40) But because the law
already "requires that venire panels be assembled in random order, a trial judge's failure to
order a shuffle does not, by itself, indicate a nonrandom listing of the venire." (41) Because the
record did not reflect that the panel was otherwise reordered or improperly assembled, the
plurality held that the error was harmless under Texas Rule of Appellate Procedure 44.2(b). (42)

 Turning back to the case before us, consistent with Ford, we should first identify the
right protected by Section 62.110(c). In applying the Ford analysis on remand, the court of
appeals asserted that we "did not disturb" its holding that "section 62.110 was enacted to
ensure the constitutional right that the venire be composed of a fair cross-section of the
community." (43) This is not an accurate statement. We noted in our original opinion that Gray's
Sixth Amendment right to a fair cross-section of the community in the venire is not at issue. (44) 
Rather, the error at issue was "[a]t most . . . a violation of a statute designed to help ensure the
protection of that constitutional right." (45) And though we explained that "perhaps most" statutes
protect some constitutional right, that "does not convert a statutory right into a one of federal
constitutional dimension[.]" (46) Although we declined to determine the specific right protected
by Section 62.110(c) in our prior opinion, we now conclude that the protected right is not the
Sixth Amendment's fair-cross-section requirement. Because the right to a fair cross-section
of the community does not apply to the selection of the jury itself, Section 62.110(c) could
not have been designed to protect that right.

 In Lockhart v. McCree, the Supreme Court of the United States refused to extend the
fair-cross-section requirement to the actual selection of the petit jury. (47) The Supreme Court
explained that it had never used the "fair-cross-section principle" to demand that petit juries,
as opposed to venire panels, represent the community. (48) And the Court was "convinced that an
extension of the fair-cross-section requirement to petit juries would be unworkable and
unsound[.]" (49) In Taylor v. Louisiana, the Court explained that the process of assembling the
venire panel and the selection of the actual petit jury as it is finally constituted are two separate
matters: "It should . . . be emphasized that in holding that petit juries must be drawn from a
source fairly representative of the community we impose no requirement that petit juries
actually chosen must mirror the community and reflect the various distinctive groups in the
population." (50) In addition, "[d]efendants are not entitled to a jury of any particular
composition[.]" (51)

 So the State argues that Section 62.110(c) could not have been intended to protect the
right to a venire comprised of a fair cross-section of the community because it relates to the
procedures that apply after potential jurors have been summoned to the venire. The Sixth
Amendment's fair-cross-section requirement, on the other hand, applies to the process by
which the venirepersons are summoned to jury duty. The State therefore argues that the court
of appeals "erred by addressing its harm analysis to a purported constitutional right that does
not exist." Instead, consistent with professors Dix and Dawson's interpretation, the State
contends that Section 62.110(c) "was implemented to retain an adequate number of
venirepersons from which to seat a jury." We agree.

 When we interpret a statute, "we seek to effectuate the 'collective' intent of the
legislators who enacted the legislation." (52) And to identify the "collective intent or purpose,
we necessarily focus our attention on the literal text of the statute in question and attempt to
discern the fair, objective meaning of that text at the time of its enactment." (53) The text of
Section 62.110(c) states: "The court or the court's designee as provided by this section may
not excuse a prospective juror for an economic reason unless each party of record is present
and approves the release of the juror for that reason." (54) Consistent with the State's argument,
a fair and objective reading of Section 62.110(c) reflects the Legislature's intent to limit the
number of venirepersons who may be excused for an economic reason to maintain an adequate
number of venirepersons from which to choose a petit jury. We therefore determine that this,
not the Sixth Amendment's fair-cross-section requirement, is the intent of Section 62.110(c).

 To merit reversal for this non-constitutional error, Gray must prove that the error
"deprived [him] of a lawfully constituted jury." (55) He has not done so. Gray has neither alleged,
nor shown, any evidence in the record demonstrating that the trial judge's error deprived him
of a jury comprised of qualified individuals. (56) And in the absence of such a showing, "we
presume that jurors are qualified[.]" (57) Under Texas Rule of Appellate Procedure 44.2(b), the
erroneous excusal of venireperson number two did not "affect [Gray's] substantial rights[.]" (58) 
And, as we stated in Jones, Gray's "only substantial right is that the jurors who do serve" on
the finally constituted petit jury are qualified. (59)

Conclusion

 Because Gray received a trial by an impartial jury comprised of qualified individuals and
has failed to provide any evidence to the contrary, we hold that he suffered no harm as a result
of the trial judge's improper excusal of venireperson number two. Accordingly, the judgment
of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for
consideration of Gray's second point of error.


DATE DELIVERED: May 23, 2007

PUBLISH

1. Gray v. State, 133 S.W.3d 281, 282 (Tex. App.--Corpus Christi 2004, pet.
granted) (Gray I).
2. Id. at 284, 286-87; see also Tex. Gov't Code Ann. § 62.110 (Vernon 2002).
3. Gray v. State, 159 S.W.3d 95, 96 (Tex. Crim. App. 2005) (Gray II).
4. Id. at 98.
5. 73 S.W.3d 923 (Tex. Crim. App. 2002) (plurality op.).
6. Gray v. State, 174 S.W.3d 794, 795-96 (Tex. App.--Corpus Christi 2005) (Gray
III) (citing Ford, 73 S.W.3d at 926).
7. Id. at 796 (emphasis in original).
8. Id. (quoting Gray I, 133 S.W.3d at 286).
9. Id. (emphasis in original).
10. Id.
11. Tex. Gov't Code Ann. § 62.110(c).
12. George E. Dix & Robert O. Dawson, 43 Texas Practice: Criminal Practice &
Procedure § 35.15, at 424 (2d ed. 2001).
13. 982 S.W.2d 386 (Tex. Crim. App. 1998).
14. 73 S.W.3d 923.
15. 982 S.W.2d at 388.
16. Id. at 390.
17. Id. at 390-91.
18. Id.; see also Tex. R. App. P. 44.2.
19. U.S. Const. amend. VI.
20. Jones, 982 S.W.2d at 391.
21. Id.
22. Id. at 391-92.
23. Id. at 392.
24. Id. (quoting City of Hawkins v. E.B. Germany & Sons, 425 S.W.2d 23, 26 (Tex.
Civ. App.--Tyler 1968, writ ref'd n.r.e.)).
25. Id. at 393; see also Taylor v. Louisiana, 419 U.S. 522, 538 (1975).
26. Jones, 982 S.W.2d at 393.
27. Id. at 394.
28. 73 S.W.3d at 924.
29. Id.
30. Id.
31. Id.
32. Id.
33. Tex. R. App. P. 44.2(b).
34. Ford, 73 S.W.3d at 925 (quoting Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998)).
35. Id.
36. Id.
37. Id. (citing Jones, 982 S.W.2d at 388).
38. Id.
39. Id. at 926.
40. Id.
41. Id.
42. Id.
43. Gray III, 174 S.W.3d at 795 (emphasis in original).
44. Gray II, 159 S.W.3d at 97.
45. Id.
46. Id.
47. 476 U.S. 162, 174 (1986).
48. Id. at 173 (internal citations omitted).
49. Id. at 174.
50. 419 U.S. 522, 538 (1975) (internal citations omitted).
51. Id.
52. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (quoting Camacho
v. State, 765 S.W.2d 431 (Tex. Crim. App. 1989)).
53. Id.
54. Tex. Gov't Code Ann. § 62.110(c).
55. Jones, 982 S.W.2d at 394.
56. Ford, 73 S.W.3d at 925.
57. Id.
58. Tex. R. App. P. 44.2(b).
59. Jones, 982 S.W.2d at 393.