

## NUMBER 13-02-00367-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ROBERT GRAY,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion on Remand by Chief Justice Valdez[1]

A jury convicted appellant, Robert Gray, of intoxication manslaughter and

aggravated assault and sentenced him to 50 years' imprisonment. *See* TEX. PENAL CODE

ANN. §§ 49.08, 22.02 (Vernon Supp. 2008). By a single point of error, Gray contends that

---

[1] Former Texas Court of Criminal Appeals Judge Charles F. Baird authored the Court's prior opinion. On remand, the case has been assigned to Chief Justice Valdez, who is sitting with Justices Rodriguez and Benavides.

the trial court erred in admitting blood test results of his intoxication.[2]  We affirm.

## I. BACKGROUND[3]

On February 2, 2001, at approximately 5:15 p.m., a sport-utility vehicle driven by Gray crashed into a compact car on Old Brownsville Road in Corpus Christi, Texas.  Frank Monroe, Jr., the driver of the car, sustained serious injuries and was paralyzed as a result of the accident.  Beverly Moore, Frank's mother and the only other occupant of the car, died at the scene.  Gray was taken to a hospital, where two blood samples were drawn.  At 8:30 p.m., Gray was released from the hospital and transported to jail.  Gray was later indicted for intoxication manslaughter (count one), aggravated assault (counts two and four), and intoxication assault (count three).  *See id.* §§ 49.08, 22.02, 49.07 (Vernon Supp. 2008).

At trial, the State offered, among other things, a vial of Gray's blood, Gray's medical records from his emergency room visit after the accident, and a blood analysis report by the Texas Department of Public Safety's Crime Lab ("DPS report").  Gray objected to the admission of the vial and the DPS report because they were obtained without his effective consent and in violation of the transportation code.  The trial court overruled Gray's objections and admitted both exhibits.  The DPS report shows that Gray had a blood-alcohol content of .09.  Gray objected to the admission of the medical records on the ground that their admission would violate privacy provisions under the Texas Medical Practices Act.  The trial court overruled Gray's objection and admitted the medical records.  They show that Gray had a blood-alcohol content of .146, as testified to by Linda Snyder,

---

[2] Gray originally raised two points of error, but the court of criminal appeals has already overruled his first point of error in *Gray v. State*, 233 S.W.3d 295, 301-02 (Tex. Crim. App. 2007).

[3] All issues of law presented by this case are well settled, and the parties are familiar with the facts. Therefore, we will not recite the law or the facts in this memorandum opinion, except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

an emergency-room nurse.  Snyder testified that Gray entered the emergency room as a "trauma code or alert" and that it was standard procedure to perform lab work on such a patient, including blood-alcohol content tests.

The jury convicted Gray on all four counts.  The State elected to proceed to punishment on only the intoxication manslaughter count and one of the aggravated assault counts.  The jury assessed punishment at fifty years' imprisonment, and the trial court entered a judgment and sentence on the jury's verdict.  This appeal ensued.

## II. DISCUSSION

On appeal, Gray argues that the trial court erred in admitting the three aforementioned exhibits because the evidence was obtained without his consent and in violation of section 724.012 of the transportation code.  *See* TEX. TRANSP. CODE ANN. § 724.012 (Vernon Supp. 2008).  Gray also argues that the evidence was inadmissible under article 38.23 of the code of criminal procedure and the Fourth Amendment of the U.S. Constitution.  *See* U.S. CONST. amend. IV; TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005).  The State contends that Gray did not preserve his code of criminal procedure and Fourth Amendment points because he did not present them to the trial court.  We agree. *See* TEX. R. APP. P. 33.1; *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (providing that virtually every right, whether constitutional or statutory, may be waived by failing to object).  Accordingly, we will only address Gray's effective consent and transportation code arguments as they relate to the admission of the vial and DPS report.

The standard of review for a trial court's admission or exclusion of evidence in general is abuse of discretion.  *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).  As long as the trial court's evidentiary ruling is within the zone of reasonable

3

disagreement, an appellate court may not disturb it. *Id*. at 102. Gray argues that the trial court erred in admitting the vial and the DPS report because he did not consent to providing a sample, and he was not under arrest at the time that the blood sample was taken. At the time of the accident, section 724.012(b) of the transportation code provided:

> (b) A peace officer shall require the taking of a specimen of the person's breath or blood if:
>
> > (1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft;
> >
> > (2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;
> >
> > (3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and
> >
> > (4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

Act of June 19, 1997, 75th Leg., R.S., ch. 1013, § 33, 1997 TEX. GEN. LAWS 3698 (amended 2003) (current version at TEX. TRANSP. CODE ANN. § 724.012 (Vernon Supp. 2008)).

The State argues that there was evidence that Gray consented to the taking of a blood sample. After the vial and DPS report were admitted, Leroy Torres, a state trooper, testified that he was assigned to investigate the accident scene and then went to the hospital to arrest Gray. Trooper Torres was asked, "Did Robert Gray consent to the taking of his blood?" And, Trooper Torres responded, "Yes, he did." In *Rachal*, the court of criminal appeals held that where the State, without objection, raises a previously litigated

4

suppression issue at trial and the defendant makes an election to re-open the evidence, then consideration of the relevant trial testimony is appropriate for appellate review. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). Applying *Rachal* to the instant cause, we are free to review Trooper Torres's subsequent testimony regarding Gary's consent because he did not object to the testimony. Therefore, there was a reasonable basis for the trial court's decision to admit the vial and DPS report. *See Ramos v. State,* 124 S.W.3d 326, 331 (Tex. App.–Fort Worth 2003, pet. ref'd) (providing that a trial court's determination of an officer's credibility and demeanor are enough to support a finding that a suspect voluntarily consented to provide a blood sample). Regardless of whether Gray was under arrest at the time the sample was requested, Gray's section 724.012 argument is without merit because there is evidence that he consented to the blood sample. Gray's only remaining point of error is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish. Tex. R. App. P. 47.2(b).
Memorandum Opinion on Remand delivered
and filed this the 25th day of November, 2008.