**Robert GRAY, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0697–04.**

Court of Criminal Appeals of Texas.

March 16, 2005.

Vincent A. Gonzalez, Corpus Christi, for Appellant.

Betty Marshall, Assistant State's Attorney, Matthew Paul, State's Attorney, Austin, for the State.

### OPINION

KELLER, P.J., delivered the opinion of a unanimous Court.

When a trial court erroneously excuses a prospective juror for economic reasons in

violation of Texas Government Code § 62.110(c), is the error "structural," requiring reversal without a harm analysis? The answer is "no." Consequently, we shall reverse the decision of the Court of Appeals.

## I. BACKGROUND

After some preliminary remarks, the trial judge excused the bulk of the venire for lunch and asked those who wanted to "plead economic excuses" to remain. At this point, a prospective juror approached the bench and explained that he would not get paid by his employer for work missed due to service on a jury. He further explained that not getting paid would pose a hardship because his wife was a teacher and did not have a job during the summer. Over appellant's objection, the trial court excused the prospective juror.

The court of appeals held that excusing this juror for economic reasons violated § 62.110(c).[1] The court then held that a statutory error is properly characterized as "constitutional" in nature, for the purpose of conducting a harm analysis, if "the error is derived from a statute or rule which serves a constitutional purpose."[2] The court then determined that the statute in question served the purpose of ensuring compliance with the Sixth Amendment's[3] requirement that the venire be composed

of a fair cross-section of the community.[4] Finally, the court held that this "constitutional" error was "structural" in nature[5] because the error "affected the composition of the venire" and "biased juries, like partial judges ... are structural defects which defy harm analysis."[6] As a result, the court of appeals held that the error in question was "not subject to a harm analysis" and reversed the conviction.[7]

In its petition for discretionary review, the State complains: "The Court of Appeals erred in holding that the erroneous excusal of a juror for economic reasons is structural error." We agree.

## II. ANALYSIS

■ In *Cain v. State*, we said: "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis."[8] In many other cases we have reaffirmed that we meant what we said—sometimes summarily reversing intermediate appellate decisions when the court of appeals refused to conduct a harm analysis.[9] We have recognized that *Cain* issued a "broad mandate" that brought the overwhelming majority of errors within the purview of a harm analysis.[10] We have

---

1. *Gray v. State*, 133 S.W.3d 281, 284 (Tex. App.-Corpus Christi 2004). § 62.110(c) provides: "The court or the court's designee as provided by this section may not excuse a prospective juror for an economic reason unless each party of record is present and approves the release of the juror for that reason."

2. *Id.* at 285.

3. "In all criminal prosecutions, the accused shall enjoy the right to ... trial, by an impartial jury ...." U.S. Const., Amend. 6.

4. *Id.* at 285–286.

5. *Id.* at 285–286.

6. *Id.* at 286.

7. *Id.* at 286–287.

8. 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

9. *See e.g. Cena v. State*, 991 S.W.2d 283, 283 (Tex.Crim.App.1999).

10. *Gonzales v. State*, 994 S.W.2d 170, 171–172 (Tex.Crim.App.1999).

implemented the holding in *Cain* in a variety of statutory contexts, including the denial of severance,[11] proceeding to trial with eleven jurors,[12] the denial of individual voir dire,[13] and the failure to comply with a statutory requirement to admonish the defendant on the record regarding the full range of punishment.[14] We have made it clear that an error that is not of federal constitutional dimension cannot be deemed "structural."[15] And even when an error does constitute a violation of the federal constitution, the error is "structural" only if the Supreme Court has labeled it as such.[16]

■ We need not concern ourselves with the issue of whether the United States Supreme Court has labeled as "structural" the Sixth Amendment right to a fair cross-section of the community in the venire. That right is not at issue here, because the court of appeals did not reverse on that claim. At most, the error that occurred was a violation of a statute designed to help ensure the protection of that constitutional right. But many—perhaps most—statutes are designed to help ensure the protection of one constitutional right or another. Having such a purpose does not convert a statutory right into a one of federal constitutional dimension, much less a right whose violation is considered to be structural error.

■ For example, violations of Texas Code of Criminal Procedure, Article 26.13—which include requirements to admonish a guilty-pleading defendant of the range of punishment and the immigration consequences of his plea—are statutory errors subject to the Rule 44.2(b) harm standard, even though the statutory admonishments are "designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary."[17] In one of our cases involving Article 26.13 admonishments, we specifically remarked that the intermediate appellate court erred in applying the Rule 44.2(a) harm standard for constitutional errors when the defendant claimed only a violation of the statute and did not claim that the failure to give the required admonishment on the range of punishment violated a provision of the United States Constitution.[18] In another case, we addressed the statutory requirement of a written jury waiver, and pointed out that while the statute regulated a constitutional right, a violation of the statute was not itself a violation of a constitutional right.[19] The written waiver requirement is

---

**11.** *Llamas v. State*, 12 S.W.3d 469, 470–471 (Tex.Crim.App.2000).

**12.** *Chavez v. State*, 91 S.W.3d 797, 799–800, 799 n. 3 (Tex.Crim.App.2002).

**13.** *Simpson v. State*, 119 S.W.3d 262, 266 (Tex.Crim.App.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004).

**14.** *Aguirre–Mata v. State*, 992 S.W.2d 495, 497–498 (Tex.Crim.App.1999).

**15.** *See Chavez*, 91 S.W.3d at 799 n. 3 (error cannot be structural because there is no federal constitutional right to a twelve-member jury).

**16.** *Id.; See Ford v. State*, 73 S.W.3d 923, 925 n. 4 (Tex.Crim.App.2002).

**17.** *Aguirre–Mata*, 992 S.W.2d at 498–499; *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim.App.1998).

**18.** *Aguirre–Mata*, 992 S.W.2d at 499 (defendant did not claim violation of Due Process Clause of Fifth Amendment but claimed only a violation of Article 26.13(a)(1)). We later exercised our discretionary review authority to revisit our holding regarding the non-constitutional nature of the error but ultimately reaffirmed it. *Aguirre–Mata*, 125 S.W.3d 473 (Tex.Crim.App.2003).

**19.** *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993).

**98**

non-constitutional error subject to the harm standard found in Texas Rule of Appellate Procedure 44.2(b).[20]

█ In summary, when only a statutory violation is claimed, the error must be treated as non-constitutional for the purpose of conducting a harm analysis, and that necessarily means the error cannot be deemed "structural."

The judgment of the Court of Appeals is reversed and the case is remanded for further proceedings consistent with this opinion.

---

20. *Johnson v. State,* 72 S.W.3d 346, 348 (Tex. Crim.App.2002).