Jerry Eugene Smith v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-307-CR

JERRY EUGENE SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerry Eugene Smith pleaded guilty to the offense of fraudulent use or possession of identifying information.  In a single issue on appeal Smith argues that the trial court’s admonishment concerning the range of punishment was improper and that he was harmed by the allegedly improper admonishment. 
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1) (Vernon Supp. 2004-05) (requiring trial court to admonish defendant of  punishment range before accepting guilty plea).  The trial court admonished Smith concerning the applicable range of punishment,

You also understand that the range of punishment for this offense is from a hundred and eighty days to two years in the state jail facility, a fine not to exceed ten thousand dollars, or both?

Smith claims that this admonishment erroneously indicates his punishment could be a fine only, with no jail time.  The State argues that the admonishment is correct; it reflects that the punishment range includes a minimum of 180 days’ incarceration and may include a fine of up to ten thousand dollars.  
See
 
Tex. Penal Code Ann.
 § 12.35 (Vernon 2003).  We hold that the trial court’s verbal punishment range admonishment substantially complied with article 26.13.  
See Lemmons v. State
, 133 S.W.3d 751, 759 (Tex. App.—Fort Worth 2004, pet. ref’d).

Moreover, the State points out and the record before us confirms, that prior to receiving the court’s verbal admonishments Smith signed two documents—written admonishments and a judicial confession—acknowledging that

[T]he range of punishment for an individual adjudged guilty of that offense is confinement in a state jail for any term of not more than two (2) years or less than 180 days and in addition to imprisonment, a fine not to exceed $10,000.00.

Consequently, Smith has not affirmatively shown that, despite the trial court's substantial compliance with article 26.13(a)(1), he was not aware of the consequence of his plea as it related to the correct range of punishment for his offense and was misled or harmed by the court's admonishment.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(c) (Vernon 1989); 
Gray v. State
, No. PD-0697-04, 2005 WL 600300, at *2 (Tex. Crim. App. March 16, 2005) (applying Rule 44.2(b) harm analysis to failure to give admonishments).  We overrule Smith’s sole issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.