COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-307-CR
  
  
JERRY 
EUGENE SMITH                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jerry Eugene Smith pleaded guilty to the offense of fraudulent use or possession 
of identifying information.  In a single issue on appeal Smith argues that 
the trial court’s admonishment concerning the range of punishment was improper 
and that he was harmed by the allegedly improper admonishment.  See Tex. Code Crim. Proc. Ann. art. 
26.13(a)(1) (Vernon Supp. 2004-05) (requiring trial court to admonish defendant 
of punishment range before accepting guilty plea).  The trial court 
admonished Smith concerning the applicable range of punishment,
   
You also understand that the range of punishment for this offense is from a 
hundred and eighty days to two years in the state jail facility, a fine not to 
exceed ten thousand dollars, or both?
  
Smith 
claims that this admonishment erroneously indicates his punishment could be a 
fine only, with no jail time.  The State argues that the admonishment is 
correct; it reflects that the punishment range includes a minimum of 180 days’ 
incarceration and may include a fine of up to ten thousand dollars.  See 
Tex. Penal Code Ann. § 12.35 
(Vernon 2003).  We hold that the trial court’s verbal punishment range 
admonishment substantially complied with article 26.13.  See Lemmons v. 
State, 133 S.W.3d 751, 759 (Tex. App.—Fort Worth 2004, pet. ref’d).
        Moreover, 
the State points out and the record before us confirms, that prior to receiving 
the court’s verbal admonishments Smith signed two documents—written 
admonishments and a judicial confession—acknowledging that
  
[T]he range of punishment for an individual adjudged guilty of that offense is 
confinement in a state jail for any term of not more than two (2) years or less 
than 180 days and in addition to imprisonment, a fine not to exceed $10,000.00.
   
Consequently, 
Smith has not affirmatively shown that, despite the trial court's substantial 
compliance with article 26.13(a)(1), he was not aware of the consequence of his 
plea as it related to the correct range of punishment for his offense and was 
misled or harmed by the court's admonishment.  Tex. Code Crim. Proc. Ann. art. 26.13(c) 
(Vernon 1989); Gray v. State, No. PD-0697-04, 2005 WL 600300, at *2 (Tex. 
Crim. App. March 16, 2005) (applying Rule 44.2(b) harm analysis to failure to 
give admonishments).  We overrule Smith’s sole issue and affirm the trial 
court’s judgment.
     
                                                          SUE 
WALKER
                                                          JUSTICE
   
  
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.