NUMBER 13-02-367-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI B
EDINBURG

 

 

 

ROBERT GRAY,                                                       Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 347th
District Court 

                           of Nueces
County, Texas.

 

 

 

                        OPINION ON
REMAND

 

        Before
Chief Justice Valdez and Justices Rodriguez and Baird[1]

                               Opinion
on Remand by Justice Baird

 








On direct appeal, we sustained appellant=s first point of error and reversed the judgment
of the trial court.  Gray v. State,
133 S.W.3d 281, 283 (Tex. App.BCorpus Christi 2004), rev=d in part, 159 S.W.3d 95 (Tex.
Crim. App. 2005).  In reaching this
conclusion, we made three distinct holdings. 
First, we held the trial judge violated section 62.110(c) of the Texas
Government Code by excusing a veniremember for an economic reason over
appellant=s timely
objection.  See Tex. Gov=t
Code Ann. ' 62.110 (Vernon 1998).[2]  Second, we held that section 62.110 was
enacted to ensure the constitutional right that the venire be composed of a
fair cross-section of the community.  U.S. Const. amends. VI & XIV; Taylor
v. Louisiana, 419 U.S. 522, 526 (1975). 
Third, we held that, because the purpose behind section 62.110 was
constitutional, the harm analysis for constitutional error was applicable.  See Tex.
R. App. P. 44.2(a).








The court of criminal appeals granted review of our decision.  See Gray v. State, 159 S.W.3d 95 (Tex.
Crim. App. 2005).  That court did not
disturb our first and second holdings. 
However, the court disagreed with our third holding, namely that the
error should be treated as constitutional for harm analysis purposes.  Consequently, the court remanded the case for
a non-constitutional harm analysis.  Id.;
see Tex. R. App. P.
44.2(b).  We now proceed with that
analysis.

The leading case on the subject of non-constitutional harm analysis is
Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997), which provides
that only those errors labeled by the United States Supreme Court as structural
are Aimmune to a harmless
error analysis.@  Id. at 264.  In all other areas, a harm analysis must be
attempted.  Id. at 264.  However, the Cain court recognized
that where the error defies a harmless error analysis or the data is
insufficient to conduct a meaningful harmless error analysis, the error will
not be harmless.  Id.  Nevertheless Aappellate courts should not automatically
foreclose the application of the harmless error test to certain categories of
error.@  Id.

Later, in the plurality opinion of Ford v. State, 73 S.W.3d 923
(Tex. Crim. App. 2002), the court of criminal appeals recognized Athat formulations that
focus on the outcome of a case are not quite apt in the context of a case in
which the jury itself is the object of the error.@  Id.
at 926.  When the formation of the jury
is the object of the error, appellate courts should consider what right is
protected by the violated statute and whether that protected right has been
thwarted by the error.  Id. 








Ford dealt with a violation of article 35.11 of the Texas Code of Criminal
Procedure which provides for a Ajury shuffle.@  The Ford court held the right
protected by article 35.11 was Athe compilation of a
random list of jurors.@  See id. 
The court then recognized that the Aapplicable rules and
statutes already require that panels be listed randomly from the outset.@  Id. 
The court then reasoned that because Athe trial judge's failure to order a shuffle
[did] not, by itself, indicate a nonrandom listing of the venire,@ and there was no
indication that Athe process of
assembling a jury panel was subverted in some fashion@ the error was
harmless.  Id. at 927.








Because the instant error and the error in Ford deal with the
violation of a statute involving the venire, we will use Ford as a model
for our harm analysis.[3]  As noted earlier, the right protected by
article 62.110 is the constitutional right to a venire composed of a fair
cross-section of the community.  U.S. Const. amends. VI & XIV; Taylor,
419 U.S. at 526.  The issue is whether
this right was thwarted by the error, i.e., whether the process of assembling
the venire Awas subverted in some
fashion.@  Ford, 73 S.W.3d at 927.  In the instant case, a venire member was
erroneously excused and, therefore, as we held on direct appeal, Athe violation of
section 62.110(c) affected the composition of the venire.@  Gray, 133 S.W.3d at 286.  Therefore, unlike Ford, the trial
judge=s violation of article
62.110 subverted in some fashion the process of assembling the venire.  Ford, 73 S.W.3d at 927.  Consequently, when we view this error through
the lens of the rule 44.2(b) harm analysis employed in Ford, we cannot
state with fair assurance that the error was harmless.  Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998); see Tex.
R. App. P. 44.2(b).  Accordingly,
we again sustain the first point of error.

The judgment of the trial court is reversed and remanded.

 

 

 

 

CHARLES BAIRD

Justice

 

 

Publish.  

Tex. R. App. P. 47.2(b).

 

Opinion
on Remand delivered and filed

this
the 18th day of August, 2005.











[1]Former Texas Court of Criminal
Appeals Judge Charles F. Baird assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to the government code.  See Tex.
Gov=t Code Ann. ' 74.003 (Vernon 2005).





[2] Section
62.110 of the Government Code, entitled AJudicial Excuse of Juror,@
provides:

 

(a)
Except as provided by this section, a court may hear any reasonable sworn
excuse of a prospective juror and release him from jury service entirely or
until another day of the term. 

 

(b)
Pursuant to a plan approved by the commissioners court of the county in the
same manner as a plan is approved for jury selection under Section 62.011, the
court's designee may hear any reasonable excuse of a prospective juror and
discharge the juror or release him from jury service until a specified day of
the term. 

(c)
The court or the court's designee as provided by this section may not excuse a
prospective juror for an economic reason unless each party of record is present
and approves the release of the juror for that reason.

 

Tex. Gov=t Code Ann. ' 62.110
(Vernon 1998).  





[3]This model does not entail an
examination of the factors enumerated in Motilla v. State, 78 S.W.3d
352, 355 (Tex. Crim. App. 2002), because we are not dealing with the erroneous
admission of evidence.