NO.
12-05-00066-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

JACK WADE, JR.,                            §          APPEAL FROM THE 145TH

APPELLANT

 

V.                                                        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                       §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION 








            Jack Wade,
Jr. appeals his conviction for deadly conduct. 
In his sole issue, Appellant contends that the jury’s misconduct
resulted in structural error requiring reversal.  We affirm.

 

Background

            Appellant
was charged by indictment with deadly conduct. 
He pleaded not guilty and a jury trial began on January 19, 2005.  Before the lunch break on the first day of
trial, the trial court reminded the jury that they could not talk about the
case.  After the lunch break and outside
the presence of the jury, the trial court informed counsel for the State and
Appellant that he received a note from one of the jurors.  He noted that “they’re not even suppose[d] to
be discussing this case at this point in time.” 
The note contained a few questions and the trial court observed that it
did not know why the note “[came] out.”  Neither
the State nor Appellant made any observations or objections.  When the jury returned, Appellant’s counsel
continued cross-examining a police officer and asked the officer questions that
elicited answers to the juror’s questions. 
At the conclusion of the trial, the jury found Appellant guilty of the
offense of deadly conduct and assessed punishment at two years of imprisonment
and a $1,000.00 fine.  This appeal
followed.

 








Jury
Misconduct

            In
his sole issue, Appellant contends that jury began discussing the case prior to
its submission to them for deliberation. 
He argues that this is misconduct, which resulted in structural error
requiring reversal.  The State contends
that Appellant failed to preserve his jury misconduct complaint for appellate
review.  Notwithstanding Appellant’s
failure to preserve error, the State argues that the jury misconduct complained
of does not fall within the limited class of cases involving structural error
requiring reversal. 

            In
order to present an issue for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1). 
The request, objection, or motion must state the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint.  Tex.
R. App. P. 33.1(a)(1)(A).  The
trial court must have ruled on the request, objection, or motion, either expressly
or implicitly.  Tex. R. App. P. 33.1(a)(2)(A).  If the trial court refused to rule, the
complaining party must have objected to the refusal.  Tex.
R. App. P. 33.1(a)(2)(B).

            Assuming
for purposes of argument that the jury prematurely discussed the case, the
question is whether Appellant’s complaint was one to which he was required to
have made a timely, specific objection.  Aldrich
v. State, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003).  Many constitutional rights may be waived by a
failure to object.  See id.
at 894 (quoting Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim.
App. 2002)).  Appellant claims that the
jury misconduct is “structural” error. 
Even when an error constitutes a violation of the federal constitution,
the error is “structural” only if the Supreme Court has labeled it as
such.  Gray v. State, 159
S.W.3d 95, 97 (Tex. Crim. App. 2005). None of the errors listed as “structural”
by the Supreme Court include jury misconduct or a complaint regarding a juror’s
note.  Arizona v. Fulminante,
499 U.S. 279, 309-10, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991).  Because jury misconduct of the kind
complained of by Appellant has not been labeled “structural” by the Supreme
Court, this complaint may be waived by a failure to object.  See Gray, 159 S.W.3d at 97; Aldrich,
104 S.W.3d at 894.  The record does not
reveal that Appellant timely objected to the juror’s note or to the alleged
jury misconduct.  See Tex. R. App. P. 33.1.  Therefore, he presents nothing for our
review. 

 

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 31, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)