**Affirmed and Memorandum Opinion filed February 24, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00167-CR

---

## EZEKIEL VALLERY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 13CR1392**

---

## M E M O R A N D U M   O P I N I O N

Appellant Ezekiel Vallery appeals his conviction for forgery of a financial instrument. *See* Tex. Penal Code Ann. § 32.21(d) (West 2011). In a single issue appellant contends the trial court abused its discretion by admitting records of his prior convictions into evidence at the punishment phase where the State gave insufficient notice of its intent to introduce those records. Finding that appellant was not harmed by the admission of the prior convictions, we affirm.

BACKGROUND

Appellant was charged by indictment with the offense of forgery of a financial instrument. The indictment alleged in two enhancement paragraphs prior convictions for homicide and manufacture or delivery of a controlled substance. Appellant entered a plea of guilty without an agreed recommendation as to punishment. Prior to the entry of appellant's plea the State filed a "Notice of Intent to Introduce Extraneous Acts or Offenses in Case in Chief and/or Punishment." This notice listed eight offenses, the date on which they were alleged to have occurred, the county in which they were alleged to have occurred, and the complainant's name in each case. The State also filed a "Notice of State's Intent to Introduce Prior Felony Convictions for the Purpose of Enhancement of Punishment in Present Offense." This noticed listed the two enhancement paragraphs contained in the indictment.

At the punishment hearing, through the testimony of a fingerprint expert, the State introduced appellant's prior convictions for voluntary manslaughter (State's exhibit 4), murder (State's exhibit 5), tampering with physical evidence (State's exhibit 9), possession of a controlled substance (State's exhibits 6 and 8), burglary of a building (State's exhibit 7), robbery (State's exhibit 10), felony failure to stop and render aid (State's exhibit 14), and unauthorized use of a vehicle (State's exhibit 15). Appellant first objected to the admission of these convictions on the grounds that he did not receive notice that the State planned to introduce the convictions, and the judgments had not been "entered as a business record in this particular case." After appellant's cross-examination of the fingerprint expert, the appellant restated his notice objection, and argued that the prior convictions were irrelevant because he only received notice of two enhancements. The trial court overruled appellant's objection to State's exhibits 8, 9, and 12, and sustained the objection to State's exhibits 3, 5, 7, 10, and 11.

Appellant testified at the punishment hearing and admitted forging a check made

out to his nephew. Appellant asked the court for leniency because he cashed the check in an attempt to help his mother who is ill. On cross-examination, appellant admitted he had previously been convicted of voluntary manslaughter, possession of a controlled substance, murder, tampering with physical evidence, burglary of a building, robbery, failure to stop and render aid, and unauthorized use of a vehicle. After appellant testified, the State re-offered State's exhibits 5, 7, and 10, and offered State's exhibits 14 and 15. Appellant renewed his notice objection, and the trial court admitted the prior convictions over appellant's objection. After the hearing, the trial court assessed punishment at confinement for five years.

## ADMISSION OF PRIOR CONVICTIONS

In a single issue, appellant argues that his prior convictions were not admissible because he did not receive adequate notice from the State according to article 37.07, section 3(g) of the Texas Code of Criminal Procedure. Specifically, appellant challenges the admission of State's Exhibit 7, a judgment of conviction for burglary of a building, State's Exhibit 14, a judgment of conviction for failure to stop and render aid, and State's Exhibit 15, a judgment of conviction for unauthorized use of a vehicle. Appellant claims that the notice does not include the date of the offenses or the complainant's names as required by article 37.07, section 3(g).

We review the trial court's ruling as to the admissibility of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Article 37.07, section 3(a) provides in part, "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant[.]" Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2014). Appellant complains that three of his prior convictions were not admissible because the State failed to provide proper

notice under article 37.07, section 3(g), which provides:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g).

The State argues that appellant did not trigger the notice provision prescribed by section 3(g) of article 37.07 because appellant did not request that the State give notice. Appellant recognizes that he did not timely request notice, but argues his counsel was misled by the State's "inadequate" notice. Appellant argues that the dates listed on the State's notice of extraneous offenses differ from the dates on State's Exhibits 7, 14, and 15.

This court has not decided whether the State would be limited to the extraneous offenses listed on a voluntarily provided notice. *See Crain v. State*, 373 S.W.3d 811, 815 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). However, we need not reach the issue here because we find, even if the trial court erred in admitting the three convictions appellant complains of, the error was harmless.

The erroneous admission of extraneous offense evidence in violation of section 3(g) is nonconstitutional error; therefore, we analyze it to determine whether the error affected a substantial right of the defendant. Tex. R. App. P. 44.2(b); *Webb v. State*, 36 S.W.3d 164, 178 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see also Gray v. State*, 159 S.W.3d 95, 97–98 (Tex. Crim. App. 2005) (erroneous admission or exclusion

4

of evidence is nonconstitutional error). A substantial right is affected when the error has a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no or only a slight influence on the verdict, the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

We evaluate the effect of error in admitting extraneous offense evidence without adequate notice in light of the purpose of section 3(g), which is to prevent unfair surprise to the defendant and to enable him to prepare to answer the extraneous offense evidence. *See Roethel v. State*, 80 S.W.3d 276, 281–82 (Tex. App.—Austin 2002, no pet.). This analysis requires examining the record to determine whether the deficient notice resulted from prosecutorial bad faith or prevented the defendant from preparing for trial. *Id*. at 282. In determining the latter, appellate courts look at whether the defendant was surprised by the substance of the testimony and whether that affected his ability to prepare cross-examination or mitigating evidence. *Id*.

In this case, appellant does not argue the State acted in bad faith, but argues counsel was misled by the State's inaccurate notice. The judgments of conviction introduced by the State and admitted by the trial court bore appellant's name and thumbprint. On cross-examination, the State's attorney showed appellant a copy of each judgment, including State's Exhibits 7, 14, and 15, and asked if appellant was indeed the individual convicted on each judgment. Appellant admitted he was convicted of those offenses and that his thumbprint appeared on the judgments. We cannot say that appellant was surprised by the admission of his prior final convictions, or misled by the conflicting dates.

Forgery of a financial instrument with two prior convictions carries a sentencing range of two to twenty years in prison and up to a $10,000 fine. Tex. Penal Code Ann. §§ 12.33, 32.21(d) (West 2011). Appellant requested the minimum punishment, and the

State requested a sentence of more than three years. Appellant was sentenced to confinement for five years, a sentence at the low end of the range of possible punishment. Moreover, the State introduced evidence of six other prior convictions, including voluntary manslaughter, murder, robbery, and possession of a controlled substance, that appellant does not complain of on appeal.

Given the sentence assessed by the trial court and the evidence of appellant's other prior convictions, we conclude that the failure of the State to give accurate notice of its intent to introduce evidence of prior convictions in the form of State's Exhibits 7, 14, and 15 did not have a substantial and injurious effect or influence in determining the trial court's sentencing decision. *See Crain*, 373 S.W.3d at 816 (finding harmless error resulting from State's failure to give notice under article 37.07 in light of appellant's other unchallenged prior convictions, and sentence in the low end of sentencing range). We overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).