

# NUMBER 13-13-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ABRAHAM JACOB PROENZA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

**On appeal from the 445th District Court
of Cameron County, Texas.**

# ORDER

## Before Chief Justice Valdez and Justices Rodriguez and Contreras[1]
## Order Per Curiam

On July 23, 2015, this Court issued an opinion reversing Abraham Jacob

Proenza's conviction and remanding for proceedings consistent with our opinion.  *See*

*Proenza v. State*, 471 S.W.3d 35, 55 (Tex. App.—Corpus Christi 2015), *aff'd in part, and*

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza.  *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2017 1st C.S.).

*rev'd and rem'd in part*, ___ S.W.3d ___, 2017 WL 5483135, at \*11 (Tex. Crim. App. Nov. 15, 2017). The Texas Court of Criminal Appeals agreed with this Court that Proenza did not forfeit his article 38.05 statutory appellate claim of improper judicial comments and affirmed our ruling in that regard. *Proenza*, ___ S.W.3d at ___, 2017 WL 5483135, at \*10. More specifically, the court of criminal appeals based its preservation holding on the *Marin v. State* framework and concluded the following:

> claims of improper judicial comments raised under Article 38.05 are not within *Marin*'s third class of forfeitable rights. Rather, we believe that the right to be tried in a proceeding devoid of improper judicial commentary is at least a category-two, waiver-only right. Because the record does not reflect that Proenza plainly, freely, and intelligently waived his right to his trial judge's compliance with Article 38.05, his statutory claim in this matter is not forfeited and may be urged for the first time on appeal.

*Id.*; *see Marin*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (identifying the second of three types of error-preservation rules as "rights of litigants which must be implemented by the system unless expressly waived").

The Texas Court of Criminal Appeals continued, "'when only a statutory violation is claimed, [as in this case,] the error must be treated as non-constitutional for the purpose of conducting a harm analysis.'" *Proenza*, ___ S.W.3d at ___, 2017 WL 5483135, at \*18 (quoting *Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005)). Because we applied the standard of harm that is associated with constitutional error, the court of criminal appeals reversed our judgment and remanded the case to allow this Court to apply the non-constitutional harm analysis contained in Texas Rule of Appellate Procedure 44.2(b). *See id.*; *see also* TEX. R. APP. P. 44.2(b) (explaining that any error, other than constitutional error, "that does not affect substantial rights must be disregarded").

2

In light of the briefs and the court of criminal appeal's opinion, this Court requests amended briefing, which shall be limited solely to the issue designated by the court of criminal appeals on remand.[2] *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever terms the court may prescribe."). Therefore, it is ordered that appellant Proenza file his amended brief within thirty days from the date of this order and appellee the State of Texas file its amended brief within thirty days after Proenza's amended brief is filed.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 9th
day of January, 2018.

---

[2] Amended briefing on other issues, if necessary, will be by separate order.