

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00434-CR

———————————————————

ROBERT F. HALLMAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1548964R

Concurring Opinion by Justice Walker

## CONCURRING OPINION ON REMAND

I concur with the majority's conclusion that appellant Robert F. Hallman's convictions must be reversed and remanded for a new trial based on the State's failure to produce discovery under the Michael Morton Act and based on the harm arising from that failure. However, I disagree as to why that result is correct.

## I. THE STATE'S DISCOVERY ERROR

First, I disagree that Article 39.14(a) is not at issue here. Before Hallman's first trial date in February 2017 and Amy's delayed outcry, Hallman requested that the State produce, among other things, "any statement made by a State's witness in his or her communications with the District Attorney, police, or other investigative agency person, whether written or oral, which are inconsistent with the testimony the State intends to elicit from said witness during the trial." Hallman further requested production of "[a]ny police report where same is shown to purport to be what the [State's] witness observed or did at the time in question[ ] and which concerns facts testified to by the witness on direct examination." Although the State produced some discovery responsive to these requests, it did not produce the police report arising from the August 10, 2014 incident when Hallman had been arrested for assaulting Kim. This report showed that Kim did not tell officers that day that she believed Hallman was sexually abusing Amy, which Kim testified at trial that she had done. Nor did the State produce the resulting family-violence packet arising from the 2014 incident that showed Kim raised no sexual-abuse allegations that day.

2

The majority declines to apply either Article 39.14(a) or *Watkins*'s materiality definition because the report and packet consisted of impeachment evidence. Thus, the majority concludes for this reason alone that the State was required to disclose it under Article 39.14(h) and not pursuant to Hallman's affirmative request for such evidence under Article 39.14(a). I believe that both sub-articles apply in this case.

Hallman specifically requested this evidence before trial, and the State was required to produce it if material. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a). This inquiry must be conducted under the materiality definition set out in *Watkins v. State*: evidence is material if it has a "logical connection to a consequential fact," i.e., it is relevant. 619 S.W.3d 265, 290–91 (Tex. Crim. App. 2021). Thus, I disagree with the majority's declining to determine whether the State's failure was error under Article 39.14(a) and *Watkins*. *See Hallman v. State*, 620 S.W.3d 931, 931–32 (Tex. Crim. App. 2021) ("We now vacate the judgment of the court of appeals and remand the case to that court for further consideration and disposition consistent with *Watkins*.").

However, Article 39.14(h) also applies here. Obviously, the requested evidence was impeachment evidence and thus fell squarely under the State's independent duty to disclose impeachment evidence that "tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." Tex. Code Crim. Proc. Ann. art. 39.14(h). The Court of Criminal Appeals held in *Watkins* that Article 39.14(h)'s "tends" language "echoes the definition of evidentiary relevancy"; therefore, Article 39.14(h) would presumably also look to relevance, which the Court

3

of Criminal Appeals equated to materiality. *See Watkins*, 619 S.W.3d at 277, 290. Thus, *Watkins*'s materiality definition would have at least some applicability under Article 39.14(h).

In any event, the report and packet directly contradicting Kim's testimony regarding a fact of consequence were certainly material and were relevant to Hallman's guilt or innocence. *See, e.g., id.* at 289–91. I would hold that the State erred by failing to disclose them based on Hallman's request for these material, inconsistent statements and based on the State's independent duty to disclose.

## II. THE ERROR WAS REVERSIBLE

Which brings me to my second point of disagreement: the State's violation of its statutory duty under either Article 39.14(a) or Article 39.14(h) should be viewed under Rule 44.2(b) and not the denial-of-mistrial standard, which includes outcome-determinative factors and conflates the materiality determination and the analysis of reversible error.[1] *Cf. id.* at 281 (recognizing precedent regarding review of trial court's refusal to order disclosure "muddied the issue by combining the question of harm or prejudice with the scope of a trial court's discretion"). I recognize that the procedural posture of this case is a challenge to the elected trial judge's denial of a motion for

---

[1]Because the error at issue is a statutory violation and because Article 39.14 is broader than the constitutional protections recognized in *Brady*, I disagree with Hallman that Rule 44.2(a) applies. *See* Tex. R. App. P. 44.2(a); *Holder v. State*, No. PD-0026-21, 2022 WL 302538, at *2 (Tex. Crim. App. Feb. 2, 2022); *Watkins*, 619 S.W.3d at 288; *Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005); *see also Sopko v. State*, 637 S.W.3d 252, 256–57 (Tex. App.—Fort Worth 2021, no pet.).

4

mistrial, which Hallman necessarily presented at punishment because the State did not notify Hallman of its pretrial discovery error until after the jury had found him guilty of several counts. But if the State had disclosed its error before the jury had found Hallman guilty, the discovery error presumably would be reviewed under Rule 44.2(b). *See, e.g.*, *Watkins v. State*, No. 10-16-00377-CR, 2022 WL 118371, at *2 (Tex. App.—Waco Jan. 12, 2022, pet. ref'd) [hereinafter *Watkins II*] (mem. op. on remand, not designated for publication); *Williamson v. State*, No. 04-20-00268-CR, 2021 WL 4976326, at *2 (Tex. App.—San Antonio Oct. 27, 2021, no pet.) (mem. op., not designated for publication).

I do not believe that the timing of the State's disclosure should affect our reversibility analysis. At its core, the error affecting Hallman's trial is a statutory violation—the State's failure to disclose under Article 39.14. The reversibility of that error should be assayed under Rule 44.2(b)'s substantial-rights test and not for incurable prejudice. *See, e.g.*, *Watkins II*, 2022 WL 118371, at *2–3; *Sopko*, 637 S.W.3d at 256–57.

Further, as the dissent points out, the reversibility factors pertinent to the denial of a motion for mistrial are commonly applied in the context of alleged improper jury argument. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Mosley v. State*, 983 S.W.2d 249, 260 (Tex. Crim. App. 1998). I question whether the *Hawkins/Mosley* factors are appropriate outside of that context. *See Latham v. State*, No. 11-14-00124-CR, 2016 WL 2977212, at *4 (Tex. App.—Eastland May 19, 2016,

5

pet. ref'd) (mem. op., not designated for publication) ("The *Mosley* factors only apply when reviewing the denial of a motion for mistrial based on a claim of improper jury argument."). Indeed, the curative-measures factor would seem to only apply in cases where an objection was sustained, a curative instruction was requested and given, and a mistrial denied. This factor is a poor fit for the State's discovery error here, leading me to conclude that the State's discovery error should be looked at under Rule 44.2(b) and not under the test applicable to an unsuccessful mistrial motion after improper jury argument. I agree with the dissent on this point.

Even so, and as the majority alludes to, the State's violation of Article 39.14 affected Hallman's substantial rights. The majority thoroughly recounts the evidence reflected in the record as a whole and explains why the error was reversible: "The jury's decision was adversely affected by Hallman's being deprived of the opportunity to cross-examine Kim during guilt–innocence with her own written words that contradicted her testimony and highlighted her questionable credibility." In short, the State's discovery error was reversible under Rule 44.2(b). And I agree with the majority that even if the denial-of-mistrial standard applies, the error here was reversible under that standard as well.

### III. CONCLUSION

Because the majority fails to apply *Watkins* to determine if the asserted discovery violation under Article 39.14 was error and fails to apply Rule 44.2(b) to determine if that error was reversible, I cannot agree with all of the majority's analysis.

6

However, because I agree that the State's failure was erroneous and that the error was reversible, I concur in this court's judgment reversing Hallman's convictions and remanding those counts for a new trial.

/s/ Brian Walker

Brian Walker
Justice

Publish

Delivered: June 16, 2022