

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00234-CR

———————————————

Ex parte Alton Granville

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1681920

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

While Appellant Alton Dean Granville Jr was on community supervision, the trial court amended his conditions of community supervision, remanded him into custody, and ordered that he serve a term of confinement and treatment in an intermediate sanction facility (ISF). Granville filed an application for a writ of a habeas corpus, alleging that he was illegally confined and restrained because the ISF amendment (1) was excessive, oppressive, unreasonable, and created an undue hardship and burden; (2) was illegal and capricious and based upon no risk and needs assessment, no violations nor any good or sufficient cause; and (3) punished him a third time for the same conduct. The trial court denied his application for a writ of habeas corpus, and Granville filed this appeal. Because the trial court did not abuse its discretion by denying the application, we will affirm the trial court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2023, Granville pleaded guilty, pursuant to a plea agreement, to the offense of injury to a child with intent to commit bodily injury.[1] *See* Tex. Penal Code Ann. § 22.04(f). The trial court placed him on ten years deferred-adjudication community supervision and imposed various conditions of community supervision,

---

[1] A grand jury indicted Granville for six various counts of child sexual abuse. The parties agreed to amend the indictment to include a seventh count—injury to a child. The State waived counts one through six.

including that he not leave the county without permission, not view pornography, not have contact with the victim, and not show deception on polygraph examinations. Granville violated the conditions of his community supervision on several occasions, and consequently, the trial court ordered various sanctions and amendments to his community supervision.

In January 2024, Granville traveled outside of the county without permission, so the trial court ordered him to wear a GPS monitor. In July 2024, Granville was asked during a monitoring polygraph examination whether he—after being placed on community supervision—had sexual contact with anyone under seventeen years of age or engaged in a sex crime. Granville responded in the negative but showed deception in his responses to both questions. During the polygraph examination, Granville admitted that he had viewed pornography while on community supervision. When confronted with the polygraph examination results, Granville denied having sexual contact with a minor but admitted to having oral sex performed on him up to fifteen times in a park. He was ordered to complete 56 hours of community service restitution and install a device-monitoring software on his phone.

In January 2025, Granville underwent a maintenance polygraph examination and was asked whether he had viewed pornography since January 2024. He responded in the negative but showed deception in his response. When confronted with the polygraph examination results, he admitted that he had viewed pornography sometime in October 2024.

On February 11, 2025, Granville spoke with his community supervision officer, and they discussed his previous violations and sanctions. Granville's community supervision officer reiterated that he could not view pornography or show deception on any polygraph examination. Because he had viewed pornography, Granville was ordered to complete 56 hours of community service restitution.

On February 26, 2025, Granville underwent another polygraph examination. He was asked whether he had viewed pornography since August 2024 and whether he had communicated with the victim. He responded in the negative, but again, showed deception in his responses to both questions. In March 2025, Granville met with his community supervision officer who explained that, despite the past sanctions and amendments, he had continued to violate the conditions of his community supervision and show deceptive results in the polygraph examinations. Granville recognized that he had failed the polygraph examinations and provided various reasons for the deceptive results. His community supervision officer explained that because of the violations, she was going to recommend that he complete ISF. However, Granville disagreed with the polygraph examination results and the ISF recommendation.

On March 24, 2025, the State filed a petition to proceed to adjudication, alleging that Granville had been ordered to attend ISF but that he had refused to participate. Granville filed a motion to quash the State's petition, arguing that attending ISF was not a condition of his community supervision.

4

On April 21, 2025, the trial court heard Granville's motion to quash. At the hearing, Allysa Deleon-Martinez, an employee with the Tarrant County Community Supervision and Corrections Department (CSCD), testified that CSCD had "made several attempts to work with [Granville] to get him to comply with the terms of his [community supervision]."[2] But despite CSCD's attempts, Granville had cussed at a supervision officer and had "a bad attitude about his own admissions during the course of his [community supervision]."[3]

Deleon-Martinez explained that CSCD had spoken with Granville "about the potential sanction or condition that he may have to attend ISF if he failed to continue to comply with the terms of [community supervision]." Because of Granville's continued violations, CSCD had recommended that he complete ISF. She further explained that Granville did not agree with the ISF recommendation and that he wanted the trial court judge to make the determination to send him to ISF. However, before CSCD could request the trial court amend Granville's conditions of community supervision to include ISF, the State had filed its petition to proceed to adjudication, alleging that he had refused to participate in ISF as instructed by the trial court.

---

[2]Granville's community supervision chronological records, which documented the entirety of his supervision, were admitted as an exhibit at the hearing.

[3]Throughout his supervision, Granville had consistently refused to assume responsibility for his offense.

Following testimony and argument, the trial court dismissed the State's petition to adjudicate, amended Granville's conditions of community supervision, ordered that he complete ISF, and remanded him into custody for "cussing at officers and going where he's not supposed to go and other things." On April 23, 2025, Granville filed a motion for reconsideration of the ISF amendment, which the trial court denied.

On May 7, 2025, Granville filed an application for a writ of habeas corpus, contending that his confinement and restraint were illegal because the trial court's ISF amendment (1) was excessive, unreasonable, and created an undue hardship and burden; (2) was illegal and capricious and based on no risk and needs assessment, no violations and no good or sufficient cause; and (3) punished him for a third time for the same purported conduct. The State filed a response, arguing that the application should be denied and proposing findings of fact and conclusions of law. The trial court[4] adopted the State's proposed findings of fact and conclusions of law as its own and denied Granville's application for a writ of habeas corpus without a hearing. Granville filed this appeal.

### III. STANDARD OF REVIEW

The statutory remedy allowing habeas corpus relief in community-supervision cases is limited and exclusive. *See State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013). Texas Code of Criminal Procedure Article 11.072 "establishes the

---

[4]The trial court referred the matter to a criminal law magistrate and subsequently ratified and adopted the actions taken by that magistrate.

6

procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1. "At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of . . . the conditions of community supervision." *Id* § 2(b)(2). "An applicant may challenge a condition of community supervision under [Article 11.072] only on constitutional grounds." *Id* § 3(c).

An applicant seeking habeas corpus relief must prove his claim by a preponderance of the evidence. *See Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's ruling on a habeas corpus application, we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664.

## IV. DISCUSSION

### A. FIRST AND SECOND ISSUES

In his first and second issues, Granville complains that the trial court's ISF amendment is (1) excessive, unreasonable, and creates an undue hardship and burden and (2) illegal and capricious and based on no risk and needs assessment. As the foundation for his position, Granville contends that the ISF amendment "was not based on an assessment using an instrument that is valid" and that "it detrimentally

impacts [his] work and ability to meet financial obligations." We construe Granville's first and second issues as complaints that the trial court failed to comply with Texas Code of Criminal Procedure Article 42A.301(a)—that it had amended his conditions without considering the results of a risk and needs assessment. Article 42A.301(a) provides that:

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision after considering the results of a risk and needs assessment conducted with respect to the defendant. The assessment must be conducted using an instrument that is validated for the purpose of assessing the risks and needs of a defendant placed on community supervision. The judge may impose any reasonable condition that is not duplicative of another condition and that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. In determining the conditions, the judge shall consider the extent to which the conditions impact the defendant's:
>
> (1) work, education, and community service schedule or obligations; and
>
> (2) ability to meet financial obligations.

Tex. Code. Crim Proc. Ann. art. 42A.301(a).

However, an applicant pursuing an Article 11.072 writ of habeas corpus may challenge "a condition of community supervision under this article *only* on constitutional grounds." *Id.* art. 11.072 § 3(c) (emphasis added). A claim that the trial court failed to adhere to a statute or rule—such as Article 42A.301—is typically treated as a violation of the statute or rule and not the constitution. *See, e.g., Gray v. State*, 159 S.W.3d 95, 97–98 (Tex. Crim. App. 2005) (holding that violation of the state

8

statute designed to protect constitutional right to jury chosen from fair cross-section of community was still treated as a statutory error).

Here, Granville's first and second issues attack the ISF amendment on the ground that the trial court had not adhered to the requirements set out in Article 42A.301(a). *See* Tex. Code. Crim Proc. Ann. art. 42A.301(c). He does not explain how this alleged error rises to the level of a constitutional violation.

We conclude that Granville's first and second issues are complaints of a statutory violation and that these issues do not challenge the ISF amendment on constitutional grounds. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(c). Therefore, because Granville's first and second issues do not attack the ISF amendment on a constitutional ground, we hold that the trial court did not abuse its discretion by denying his application for a writ for habeas corpus. *See Kniatt*, 206 S.W.3d at 664. We overrule Granville's first and second issues.

## B. THIRD ISSUE

Granville's third issue challenges the ISF amendment on the ground that it "punishes [him] a third time for the same purported conduct." Unlike his first two issues, we construe this issue to be a challenge on constitutional grounds—a claim of double jeopardy. *See* U.S. Const. amend. V. The double jeopardy clause of the United States Constitution protects against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after

conviction; and (3) multiple punishments for the same offense. *Ex Parte Rhodes*, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998).

The granting of community supervision is a privilege, not a right. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995) ("[T]here is no fundamental right to receive probation; it is within the discretion of the trial court to determine whether an individual defendant is entitled to probation"). "Consistent with its broad discretionary powers in deciding whether to grant community supervision, a trial court likewise has broad discretion in determining the conditions to be imposed." *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). "The judge may impose any reasonable condition that is not duplicative of another condition and that is designed to . . . punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. art. 42A.301(a).

Granville frames the ISF amendment as a duplicative punishment for "going to places he's not supposed to go"—leaving the county without permission—when he had already been "punished" for that conduct by requiring him to wear a GPS monitor. We disagree with such a limited view of the trial court's reasoning for the ISF amendment.

At the hearing, the trial court explained that it was ordering Granville to complete ISF for "cussing at officers and going where he's not supposed to go and *other things*." (emphasis added) Although the trial court did not articulate what it meant by "other things," it had evidently considered additional aspects of Granville's

10

performance on community supervision—beyond just his leaving the county—when it ordered the ISF amendment. *See Applin v. State*, 341 S.W.3d 528, 534 (Tex. App.—Fort Worth 2011, no pet.) (affirming imposition of jail-time condition without any specific fact findings as to why the trial court imposed the condition).

Here, despite the trial court's prior sanctions and amendments, Granville's performance on community supervision contained failures of compliance, including viewing pornography, displaying pervasive deception in the polygraph examinations, and cussing at a supervision officer. Because the trial court's reasoning is not clearly articulated, we cannot say whether viewing pornography or displaying deception in the polygraph examinations were among the "other things" that the trial court considered when it ordered the ISF amendment. But the record contains evidence of Granville's other violations on which the trial court may have based its ISF amendment, and it is evident that the trial court's decision was not based solely on his leaving the county without permission.

The ISF amendment was the trial court's response to Granville's reoccurring violations that had been unsuccessfully remediated through prior intervention. Thus, the ISF amendment was not a duplicative punishment, but was instead yet another attempt to dissuade Granville from future violations by way of punishment, rehabilitation, or reformation. *See id.* Because of Granville's subsequent violations, we conclude that the trial court had sufficient cause to order the ISF amendment. Viewing the facts in the light most favorable to the trial court's ruling, we cannot

11

conclude that the ISF amendment is a duplicative punishment for the same offense.[5]

Accordingly, we hold that the trial court did not abuse its discretion by denying his application for a writ for habeas corpus on double jeopardy grounds. *See Kniatt*, 206 S.W.3d at 664. We overrule Granville's third issue.

## V. CONCLUSION

Having overruled Granville's three issues, we affirm the trial court's order denying relief on his application for a writ of habeas corpus.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 11, 2025

---

[5]Even if Granville's leaving the county without permission had been the sole reason for the ISF amendment, we are not convinced that it would offend double jeopardy protections. The double jeopardy clause, among other things, protects against multiple punishments for the same offense. *Ex Parte Rhodes*, 974 S.W.2d at 738. Leaving the county without permission is not an offense found in the Texas Penal Code; rather, it is a violation of a condition of his community supervision. We also note that double jeopardy protections do not apply to community supervision proceedings. *See Combest v. State*, No. 01-13-00712-CR, 2015 WL 831994, at 4 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, pet. ref'd) (mem. op., not designed for publication). For example, the trial court may impose conditions for one violation and then later find that same violation "true" for purposes of revocation. *Applin*, 341 S.W.3d at 534.

12