

# NUMBER 13-23-00209-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARMANDO GOMEZ
A/K/A ARMANDO GAMEZ JR.
A/K/A ARMANDO GOMEZ JR.
A/K/A ARMANDO CISNEROS GOMEZ JR.,                    Appellant,

v.

THE STATE OF TEXAS,                    Appellee.

On appeal from the 197th District Court of
Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Armando Gomez a/k/a Armando Gamez Jr. a/k/a Armando Gomez Jr. a/k/a Armando Cisneros Gomez Jr. was convicted of possession of a controlled substance in the amount of 400 grams or more, a first-degree felony. *See* TEX. PENAL

CODE ANN. § 481.115(f). The jury assessed punishment at twenty-five years' confinement. Gomez's sole issue on appeal is that the trial court erred in admitting testimony by law enforcement officers because the officers were not utilizing body worn cameras as allegedly required by Texas Occupation Code § 1701.655. *See* TEX. OCC. CODE ANN. § 1701.655. We affirm.

## I.     BACKGROUND

On February 28, 2022, Officer Joel Padilla with the Cameron County Sheriff's Office Special Investigations Unit was advised that a vehicle with possible narcotics was headed in his direction. Officer Padilla received a description of the vehicle, and he "pulled over on the side of the expressway [to wait] for the vehicle to appear." A vehicle matching the description appeared approximately thirty minutes later and Officer Padilla proceeded to follow it. Officer Padilla later learned this was Gomez's vehicle. After following Gomez, witnessing him weave in and out of traffic in an unsafe manner, and noticing one of the vehicle's brake lights was out, Officer Padilla turned on his lights and pulled Gomez over. Officer Padilla then explained the traffic violations to Gomez and asked him if he had any narcotics in the vehicle. Officer Padilla testified that Gomez responded no, and that Gomez consented to his request to search the vehicle. Gomez then signed a waiver form, which was entered into evidence.

Shortly after initiating the traffic stop, Deputy Angel Perez arrived on scene with a drug-sniffing dog. According to Deputy Perez, the dog "gave a positive alert to the area of the front seat and the dashboard." Officer Padilla and Deputy Perez both testified that they noticed the dashboard had mismatched screws and some of the screws were loose.

2

The officers removed the car's dashboard and found a hidden "brick" of cocaine. Officer Padilla then arrested Gomez and transported him to the Cameron County Sheriff's Office.

Deputy Carlos Martinez interviewed Gomez at the sheriff's office. He read Gomez his *Miranda* rights and Gomez signed a waiver form that restated these rights. Gomez then admitted that his intent was to transport the cocaine to Louisiana and to sell it there. Deputy Martinez typed out Gomez's confession and had Gomez review and sign it. Deputy Martinez testified that Gomez never indicated that he did not want to talk to him and testified that he did not threaten or force Gomez into giving his statement.

Gomez moved to suppress the statement he gave to Deputy Martinez. In a pretrial hearing, the defense argued that Gomez's statement was not voluntary because his signature on the *Miranda* waiver looked different than his signature on the confession. The trial court denied the motion to suppress. The *Miranda* waiver and Gomez's written statement were admitted as evidence. Gomez's counsel later cross-examined Deputy Martinez about Gomez's signature on the documents. Deputy Martinez testified that he personally witnessed Gomez sign both documents.

The jury found Gomez guilty and sentenced him to twenty-five years' imprisonment. This appeal followed.

## II.    DISCUSSION

By his sole issue, Gomez argues that the trial court erred in admitting the officers' testimony because the officers were not wearing body worn cameras as mandated by Texas Occupation Code § 1701.655, which requires "[a] law enforcement agency that receives a grant to provide body worn cameras to its peace officers or that otherwise

3

operates a body worn camera program shall adopt a policy for the use of body worn cameras."[1] *See* TEX. OCC. CODE ANN. § 1701.655. Gomez argues that the officers' failure to comply with § 1701.655 "has called into question the reliability of the evidence submitted, creating a structural error making a fair trial unobtainable" and violating his Due Process rights.

Our review of a trial court's improper admission or exclusion of evidence depends on whether the error was properly preserved by the party at trial. *See* TEX. R. APP. P. 33.1(a)(1). The Texas Court of Criminal Appeals clarified in *Proenza v. State* that appellate courts should follow the rules of error preservation previously established in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *Proenza*, 541 S.W.3d at 793–97. Under the *Marin* framework, errors are placed in one of three "categories" of preservation depending on the rights involved: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Id.* at 792 (quoting *Marin*, 851 S.W.2d at 279).

The *Marin* court described a category-three right as forfeitable, which can be lost "for failure to insist upon it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial judge." *Id.* (citing *Zillender v. State*, 557 S.W.2d 515, 517

---

[1] We note that Gomez does not clarify what evidence he believes the trial court erred in admitting; in particular, he does not explain whether he is contesting the admission of the seized narcotics or the custodial written statement. Because he does not reference the seized narcotics or the statement, we construe his brief as arguing that only the testimony from Officer Padilla, Deputy Perez, and Deputy Martinez describing Gomez's arrest and confession should have been excluded.

4

(Tex. Crim. App. 1977)). In the middle, category-two rights "must be protected by the system's impartial representatives unless expressly waived by the party to whom they belong." *Id.* Finally, category-one *Marin* rights, described as "systemic requirements and prohibitions" that "are essentially independent of the litigant's wishes," cannot be forfeited or waived. *Id.*

Here, Gomez's trial counsel did not object to the admission of the officers' testimony as a violation of Texas Occupation Code § 1701.655. Gomez does not cite to any precedent as to why this error is a non-waivable right, and we are unable to find any. *See Proenza*, 541 S.W.3d at 793–97; *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." (collecting cases)); *see also* TEX. R. EVID. 103(a)(1) (providing that a party may only preserve error in a ruling to admit or exclude evidence if the error affects a substantial right of the party and the party "(A) timely objects or moves to strike; and (B) states the specific ground, unless it was apparent from the context").

Accordingly, Gomez has not preserved the error for appellate review. *See* TEX. R. APP. P. 33.1(a)(1).[2] Because the issue has not been preserved, we do not reach the issue

---

[2] Gomez contends that the officers' alleged violation of § 1701.655 is "structural error" and is not subject to ordinary error preservation rules or a harm analysis. *Schmutz v. State*, 440 S.W.3d 29, 38 (Tex. Crim. App. 2014) ("Only structural error requires reversal without any harm analysis . . . ."). However, the Texas Court of Criminal Appeals has held that structural error only applies to errors enumerated as such by the United States Supreme Court. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017) (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)); *see also Gray v. State*, 159 S.W.3d 95, 96–97 (Tex. Crim. App. 2005) ("[E]ven when an error does constitute a violation of the federal constitution, the error is 'structural' only if the Supreme Court has labeled it as such."). Because Gomez does not argue that the alleged error aligns with any precedent set by the United States Supreme Court, and we are unable to find any precedent to that effect, he has failed to show that any alleged error was not waived. *Id.* at 98

of whether the trial court erred or whether Gomez suffered harm from any error.[3] We overrule Gomez's sole issue.

## III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of January, 2024.

---

("[W]hen only a statutory violation is claimed, the error must be treated as non-constitutional for the purpose of conducting a harm analysis, and that necessarily means the error cannot be deemed 'structural.'").

[3] Gomez asks this Court to take judicial notice of various alleged facts, including:

- The Cameron County Sheriff's Office received a grant from the "Bureau of Justice Assistance of the U.S. Department of Justice" to purchase department body worn cameras for its officers;
- "The Cameron County Commissioners' Court authorized purchase of [said body worn] cameras on June 22, 2021";
- "The Cameron County Sheriff gave public notice of this funding"; and
- The Cameron County Sheriff's Office created a policy "dated April 14, 2021" for said body worn cameras as required by the grant funding.

Because we ultimately find that Gomez's objection was not preserved and affirm the trial court's judgment, we decline to take judicial notice of the alleged facts.